IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |  |
|---|---|---|
| ADOLFUS O'BRYAN GILES, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:12-cv-70 (CAR) |
| | : | |
| CAPITAL ONE BANK (USA) N.A. | : | |
| (CAPITAL ONE, N.A.) and FREDERICK | : | |
| J. HANNA ASSOCIATES, P.C., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER ON PLAINTIFF'S MOTION TO SEAL

Currently before the Court is Plaintiff Adolfus O'Bryan Giles's Motion to Order Filing Made Under Seal [Doc. 30]. Plaintiff seeks to have this Court seal all filings in this case because Plaintiff has several cases pending in federal court, which has generated some "public attention." Id. Plaintiff also states that the "public attention" is causing him stress and may be "blocking him from a fair chance at trial on other cases." Id.

There is a common law right of access to judicial proceedings, and this right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). There is a strong presumption against sealing court records to public inspection. Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570-71 (11th Cir. 1985). However, the right of access is

not absolute and may be overcome where a party makes a showing of good cause.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007).

When deciding whether a document should be sealed, a court should balance the common law right of access to judicial records against the individual's privacy interests. Chicago Tribune Co., 263 F.3d at 1311.  In making this determination, a court may consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246.

As this Court noted in one of Plaintiff's other pending cases, Plaintiff has failed to give any valid reason for sealing every filing in this case, and clearly has failed to demonstrate the good cause required to overcome the right of access.  See Giles v. Phoenix Recovery Group Inc., Civil Action No. 3:12-cv-65 (CAR).  Plaintiff has not shown that any of his legitimate privacy interests are being harmed.  Further, he has not demonstrated how the merits of any particular case are or will be negatively affected by the fact that he has several cases pending.  The common law right of access "cannot be overcome by [a] conclusory assertion." Press-Enter. Co. v. Superior Court of Cal., 478

U.S. 1, 13 (1986).  Accordingly, Plaintiff's Motion to Order Filing Made Under Seal [Doc.

30] is **DENIED.**

SO ORDERED, this 7th day of August, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES

3