IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |  |
|---|---|---|
| | : | |
| ADOLFUS O'BRYAN GILES, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:12-cv-70 (CAR) |
| | : | |
| CAPITAL ONE BANK and FREDERICK | : | |
| J. HANNA ASSOCIATES, P.C., | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

**ORDER ON DEFENDANT CAPITAL ONE
BANK'S MOTION TO DISMISS**

Currently before the Court are several motions: Defendant Capital One Bank's

("Capital One") Motion to Dismiss Complaint [Doc. 19]; Capital One's Motion to

Dismiss Amended Complaint [Doc. 27]; and Plaintiff Adolphus Giles's Motion for

Treble Damages [Doc. 36].  Having considered the motions and responses, the Court

**GRANTS** Capital One's Motion to Dismiss Amended Complaint [Doc. 27] and

**DISMISSES as moot** the remaining motions.

**Background**

Plaintiff filed his initial complaint on May 29, 2012, alleging violations of the Fair

Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Defendant Capital One moved to dismiss

Plaintiff's complaint [Doc. 19], and Plaintiff timely responded.  Subsequently, Plaintiff

filed an amended complaint [Doc. 26], which Defendant Capital One also moved to

dismiss.  Although Plaintiff's allegations are difficult to decipher, he appears to allege

that Defendants wrongfully garnished his wages in 2003 and 2004, and that Defendants

reported incorrect information in 2005 regarding the garnishment.  Plaintiff further

alleges that Defendants collected $856.44 more than they were entitled to.  Plaintiff

asserts that he was unaware of Defendants' alleged wrongful conduct until spring 2012.

Plaintiff has since amended his complaint four additional times.

## Applicable Standard

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a

plaintiff's complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint

must contain specific factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible where the plaintiff

alleges factual content that "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.  The plausibility standard requires

that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery

will reveal evidence" that supports a plaintiff's claims. Bell Atlantic Corp., 550 U.S. at

556.

## Discussion

Defendant Capital One asserts that Plaintiff's amended complaint should be dismissed because (1) the FCRA does not provide for a private cause of action for providing false information to consumer reporting agencies, and (2) Plaintiff's claims are barred by the statute of limitations. Before addressing these arguments, the Court will address Plaintiff's multiple attempts to amend his complaint.

### A. Plaintiff's Amended Complaints

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments of pleadings before trial. The rule states that a "party may amend its pleading once as a matter of course" within 21 days after the pleading is served, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court or the opposing party's written consent to amend a pleading. Id.

Plaintiff has filed a total of six complaints in this case. He filed his initial complaint on May 29, 2012, and Defendant Capital One moved to dismiss that Complaint [Doc. 19]. Subsequently, Plaintiff filed an amended complaint on July 18, 2012 [Doc. 26]. This amended complaint would qualify as his one chance to amend "after service of a motion under Rule 12(b)" and subsequently he was required to obtain

leave of court or written consent of the Defendants to file his remaining complaints.

Fed. R. Civ. P. 15(a)(1)(B).

Because he has failed to abide by the requirements of Rule 15, Plaintiff's last four

attempts to amend his complaint are ineffective [Docs. 29, 33, 34, 35].  Accordingly, all

references to Plaintiff's complaint will refer to the amended complaint filed on July 18,

2012 [Doc. 26].  To the extent that Plaintiff's last four complaints may be construed as

requests for leave to amend, they are **DENIED.**  Rule 15 provides that "a court should

freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15.  However, courts

may deny leave to amend where the amendment would be futile.  Equity Lifestyle

Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.

2009).  As discussed below, Plaintiff's many complaints fail to state viable claims and

must fail as a matter of law.  Therefore, allowing Plaintiff to amend his complaint

would be futile.

### B. Defendant Capital One's Motion to Dismiss

Capital One asserts that the FCRA does not provide for a private cause of action

to redress Plaintiff's claim.  Specifically, Plaintiff seeks damages based on Capital One's

report of allegedly false information to the credit bureaus, but does not cite a specific

provision in support of this claim.  The FCRA does impose certain duties on entities that

furnish information to consumer reporting agencies.  15 U.S.C. § 1681s-2; Chipka v.

Bank of Am., 355 Fed. Appx. 380, 383 (11th Cir. 2009).  As Capital One notes, the only

statute that would provide the relief Plaintiff seeks is Section 1681s-2(a), which prohibits furnishers from reporting information to Consumer Reporting Agencies if the furnisher "knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).

As Defendant correctly notes, the FCRA does not provide for a private cause of action to enforce § 1681s-2(a). Enforcement of this subsection is reserved to "government agencies and officials … limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)." Chipka, 355 Fed. Appx. at 383. Plaintiff has responded to Capital One's motion and denies asserting a claim under § 1681s-2(a). However, Plaintiff merely cites to the same provisions cited in his amended complaint, which do not provide redress for his claims.

To the extent Plaintiff attempts to state a claim under § 1681s-2(b), which requires "furnishers of information" to investigate a dispute upon receiving notice from a consumer, his claim is barred by the statute of limitations. 15 U.S.C. § 1681s-2(b). Section 1681p of the FCRA provides that:

> [a]n action to enforce any liability created under this subchapter may be brought . . . *not later than the earlier of*—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p (emphasis added). Plaintiff alleges that Defendant Capital One "reported wrongful and inaccurate information" in January 2005. [Doc. 26]. Although

Plaintiff attempts to argue that the statute of limitations has not run because he only discovered the alleged violation in March or April 2012, the statute specifically provides that the limitations period is the *earlier of* five years from the date of the violation *or* two years from discovery of the violation.  Id.  Accordingly, because more than 5 years has passed, Plaintiff's claim is time-barred and must fail.

## Conclusion

For the foregoing reasons, Capital One's Motion to Dismiss Amended Complaint [Doc. 27] is **GRANTED.**  Capital One's Motion to Dismiss [Doc. 19] and Plaintiff's Motion for Treble Damages [Doc. 36] are **DISMISSED as moot** and Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

SO ORDERED, this 21st day of August, 2012.


S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT


AES