IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | CASE NO. |
| v. : | 3:12-CV-70 (CAR) |
| : | |
| CAPITAL ONE BANK and FREDERICK : | |
| J. HANNA ASSOCIATES, P.C., : | |
| : | |
| Defendants. : | |

**ORDER**

Currently before the Court are several motions filed by Plaintiff Adolfus Giles: Motion to Set Aside Judgment and Motion for a Jury Trial [Doc. 41]; Motion to Appeal *In Forma Pauperis* [Doc. 43]; Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 46]; Motion to Amend the Judgment [Doc. 47]; and Motion to Enforce the Judgment to be Set Aside [Doc. 51]. Defendant Capital One timely responded to Plaintiff's Motion to Set Aside Judgment and Motion for a Jury Trial. After due consideration, Plaintiff's motions are **DENIED.**

**Background**

Plaintiff filed his initial complaint on May 29, 2012, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Defendant Capital One moved to dismiss Plaintiff's complaint [Doc. 19], and Plaintiff timely responded. Subsequently, Plaintiff filed an amended complaint [Doc. 26], which Defendant Capital One also moved to

1

dismiss. Plaintiff amended his complaint four times, and in each version he alleged that Defendants wrongfully garnished his wages in 2003 and 2004, and that Defendants reported incorrect information in 2005 regarding the garnishment. This Court issued an Order on August 21, 2012, dismissing Plaintiff's claims as time-barred. Plaintiff immediately filed the motions listed above as well as a Notice of Appeal [Doc. 42].

## Discussion

### A. Motion to Set Aside Judgment and Motion to Amend Judgment

Plaintiff asks this Court to set aside its prior Order. Although nearly incomprehensible, Plaintiff seems to allege both that the Court did not have jurisdiction to enter the Order and that the Court engaged in some type of fraud. "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). However, a notice of appeal does not prevent a Court from taking action "in furtherance of the appeal." Id.

Plaintiff cites Federal Rule of Civil Procedure 60(b)(1), which provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake inadvertence, surprise, or excusable neglect." Plaintiff seems to argue that the Court and Defendants acted fraudulently or in some kind of negligent way. However, Plaintiff provides no support for these allegations, despite his vehement assertions that he has stated a valid claim. In

addition, he provides no support for his claims that this Court lacked jurisdiction to enter an Order dismissing his claims.

Plaintiff has also filed a Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59. However, he has not provided any valid basis for altering this Court's judgment. Accordingly, Plaintiff's Motion to Set Aside Judgment and Motion for Jury Trial [Doc. 41], Motion to Enforce the Judgment to be Set Aside [Doc. 51], and Motion to Amend Judgment [Doc. 47] are **DENIED.** Plaintiff has also filed a motion asking for a jury trial. However, as noted above, Plaintiff has failed to state a valid claim that would entitle him to a jury trial. Bethel v. Baldwin Cnty. Bd. of Education, 371 Fed. Appx. 57, 62 (11th Cir. 2010) ("A plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law before trial."). Therefore, his Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 46] is also **DENIED.**

### B. Motion to Appeal *In Forma Pauperis*

This Court may authorize Plaintiff's request to proceed on appeal without the payment of fees pursuant to 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3). "Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard." Spears v. Frazier, No. 6:11-cv-116, 2012 WL 1044318, at *3 (S.D. Ga. Mar. 28, 2012) (citing Coppedge v. United States, 369 U.S. 439, 445 (1962) and Busch v. Cnty. of

Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999)).  A claim is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

As the Court noted in its prior Order, Plaintiff failed to cite a provision of the FCRA that provided a private cause of action to redress his claims, and to the extent he stated a viable claim, his claims are barred by the statute of limitations.  Thus, the Court hereby certifies that Plaintiff's claims are frivolous and his appeal is not taken in good faith.

## Conclusion

Plaintiff's Motion to Set Aside Judgment and Motion for a Jury Trial [Doc. 41]; Motion to Appeal *In Forma Pauperis* [Doc. 43]; Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 46]; Motion to Amend the Judgment [Doc. 47]; and Motion to Enforce the Judgment to be Set Aside [Doc. 51] are **DENIED.**

SO ORDERED, this 7th day of September, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES