IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |  |
|---|---|---|
| | : | |
| ADOLFUS O'BRYAN GILES, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:12-CV-70 (CAR) |
| | : | |
| CAPITAL ONE BANK and FREDERICK | : | |
| J. HANNA ASSOCIATES, P.C., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Currently before the Court are several motions filed by Plaintiff Adolfus Giles:

Motion to Set Aside Judgment and Motion for a Jury Trial [Doc. 41]; Motion to Appeal

*In Forma Pauperis* [Doc. 43]; Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc.

46]; Motion to Amend the Judgment [Doc. 47]; and Motion to Enforce the Judgment to

be Set Aside [Doc. 51].  Defendant Capital One timely responded to Plaintiff's Motion to

Set Aside Judgment and Motion for a Jury Trial.  After due consideration, Plaintiff's

motions are **DENIED**.

**Background**

Plaintiff filed his initial complaint on May 29, 2012, alleging violations of the Fair

Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Defendant Capital One moved to dismiss

Plaintiff's complaint [Doc. 19], and Plaintiff timely responded.  Subsequently, Plaintiff

filed an amended complaint [Doc. 26], which Defendant Capital One also moved to

1

dismiss.  Plaintiff amended his complaint four times, and in each version he alleged that

Defendants wrongfully garnished his wages in 2003 and 2004, and that Defendants

reported incorrect information in 2005 regarding the garnishment.  This Court issued an

Order on August 21, 2012, dismissing Plaintiff's claims as time-barred.  Plaintiff

immediately filed the motions listed above as well as a Notice of Appeal [Doc. 42].

## Discussion

### A.  Motion to Set Aside Judgment and Motion to Amend Judgment

Plaintiff asks this Court to set aside its prior Order.  Although nearly

incomprehensible, Plaintiff seems to allege both that the Court did not have jurisdiction

to enter the Order and that the Court engaged in some type of fraud.  "As a general

matter, the filing of a notice of appeal deprives the district court of jurisdiction over all

issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

However, a notice of appeal does not prevent a Court from taking action "in

furtherance of the appeal." Id.

Plaintiff cites Federal Rule of Civil Procedure 60(b)(1), which provides that a

court "may relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons: mistake inadvertence, surprise, or excusable

neglect."  Plaintiff seems to argue that the Court and Defendants acted fraudulently or

in some kind of negligent way.  However, Plaintiff provides no support for these

allegations, despite his vehement assertions that he has stated a valid claim.  In

addition, he provides no support for his claims that this Court lacked jurisdiction to

enter an Order dismissing his claims.

Plaintiff has also filed a Motion to Amend Judgment pursuant to Federal Rule of

Civil Procedure 59.  However, he has not provided any valid basis for altering this

Court's judgment.  Accordingly, Plaintiff's Motion to Set Aside Judgment and Motion

for Jury Trial [Doc. 41], Motion to Enforce the Judgment to be Set Aside [Doc. 51], and

Motion to Amend Judgment [Doc. 47] are **DENIED.**  Plaintiff has also filed a motion

asking for a jury trial.  However, as noted above, Plaintiff has failed to state a valid

claim that would entitle him to a jury trial.  Bethel v. Baldwin Cnty. Bd. of Education,

371 Fed. Appx. 57, 62 (11th Cir. 2010) ("A plaintiff's right to a trial by jury is not violated

when a court dismisses a case based on a matter of law before trial.").  Therefore, his

Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 46] is also **DENIED.**

### B.  Motion to Appeal *In Forma Pauperis*

This Court may authorize Plaintiff's request to proceed on appeal without the

payment of fees pursuant to 28 U.S.C. § 1915(a)(1).  However, "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith." 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3).  "Good faith means that

an issue exists on appeal that is not frivolous when judged under an objective

standard."  Spears v. Frazier, No. 6:11-cv-116, 2012 WL 1044318, at *3 (S.D. Ga. Mar. 28,

2012) (citing Coppedge v. United States, 369 U.S. 439, 445 (1962) and Busch v. Cnty. of

<u>Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999)).  A claim is frivolous if it is "without

arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001).

As the Court noted in its prior Order, Plaintiff failed to cite a provision of the

FCRA that provided a private cause of action to redress his claims, and to the extent he

stated a viable claim, his claims are barred by the statute of limitations.  Thus, the Court

hereby certifies that Plaintiff's claims are frivolous and his appeal is not taken in good

faith.

### Conclusion

Plaintiff's Motion to Set Aside Judgment and Motion for a Jury Trial [Doc. 41];

Motion to Appeal *In Forma Pauperis* [Doc. 43]; Motion to Enforce the Plaintiff's Right to

a Jury Trial [Doc. 46]; Motion to Amend the Judgment [Doc. 47]; and Motion to Enforce

the Judgment to be Set Aside [Doc. 51] are **DENIED.**

SO ORDERED, this 7th day of September, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES