IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL CASE |
| v. : | No. 3:12-CV-70 (CAR) |
| : | |
| CAPITOL ONE BANK and FREDERICK : | |
| J. HANNA ASSOCIATES, P.C., : | |
| : | |
| Defendants. : | |

### ORDER DENYING PLAINTIFF'S SECOND MOTION
### TO SET ASIDE JUDGMENT AND PRIOR ORDER

Currently before the Court is *pro se* Plaintiff Adolfus Giles's Second Motion to Set Aside Judgment and the Court's Prior Order Denying Plaintiff's First Motion to Set Aside Judgment [Doc. 55].  After due consideration of the Plaintiff's request, prior actions in this Court, and relevant legal authority, his Motion is **DENIED**.

Plaintiff filed his initial complaint on May 29, 2012, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Defendant Capitol One moved to dismiss Plaintiff's complaint, and Plaintiff timely responded.  Subsequently, Plaintiff filed an amended complaint, which Defendant Capitol One also moved to dismiss.  Plaintiff amended his complaint five times,[1] and in each version he alleged that Defendants

---

[1] [Docs. 26, 29, 33, 34, and 35].  Although Plaintiff specified his alleged damages in his Third Amended Complaint [Doc. 33], his other amendments essentially corrected stylistic or grammatical "defects."  [*See* Docs. 26, 29, 34, and 35].

wrongfully garnished his wages in 2003 and 2004, and that Defendants reported incorrect information in 2005 regarding the garnishment. This Court issued an order on August 21, 2012, dismissing Plaintiff's action for failure to state a claim.

Upon dismissal, Plaintiff immediately filed a Motion to Set Aside Judgment and Motion for a Jury Trial; Motion to Appeal *In Forma Pauperis*; Motion to Enforce the Plaintiff's Right to a Jury Trial; Motion to Amend the Judgment; and Motion to Enforce the Judgment to Set Aside. Although Plaintiff's motion to set aside was virtually incomprehensible, he appeared to allege that the Court lacked jurisdiction to dismiss his case, and that the Court had engaged in some type of fraud. After due consideration, the Court denied all five motions, concluding that Plaintiff failed to provide any support for his allegations, despite his vehement defense of his purported claims.

With his case on appeal, Plaintiff has once again moved this Court to set aside its judgment and honor his request for a jury trial. "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal."[2] However, a notice of appeal does not prevent a district court from taking action "in furtherance of the appeal."[3] Thus, the Court may entertain the merits of Plaintiff's Rule 60(b) motion, as it has once before.

Rather than stating a valid basis for setting aside this Court's judgment and its previous order, Plaintiff merely reasserts the arguments made in his response to the

---

[2] *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).
[3] *Id*.

Defendant's motion to dismiss and his first motion to set aside judgment. Although Plaintiff has undoubtedly invested a significant amount of time and personal resources in this case, no amount of monotonous, albeit tenacious, repetition will change this Court's decisions.

Unfortunately, Plaintiff's penchant for successive motions is an increasingly familiar abuse of Court resources. Plaintiff has historically employed abusive filing practices in this Court,[4] and his present actions suggest his intention to revisit this behavior once again.[5] Although *pro se* litigants are held to a more lenient standard than formally trained lawyers, Plaintiff shall not be permitted to flagrantly disregard the Federal Rules of Civil Procedure.[6] Accordingly, Plaintiff is **HEREBY FOREWARNED** that if he continues to present frivolous and vexatious filings before this Court, he will be met with increasingly severe sanctions, as he has before.[7] Now that the Court is

---

[4] *See, e.g.*, *Giles v. Wal-Mart Stores East, L.P.*, No. 3:10-CV-42 (CDL), 2010 WL 4397008, at *4-5 (M.D. Ga. Nov. 1, 2010) (forewarning Plaintiff of future sanctions for failure to comply with the Federal Rules of Civil Procedure); *Giles v. Wal-Mart Stores East, L.P.*, No. 3:11-CV-164 (CAR) [hereinafter *Giles III*], 2012 WL 385152, at *3 (M.D. Ga. Feb. 6, 2012) (imposing sanctions); *Giles v. Phoenix Recovery Group Inc.*, No. 3:12-CV-65 (CAR), Doc. 79 (Sep. 7, 2012) (forewarning Plaintiff of future sanctions for abusive filing practices).
[5] *See Phoenix Recovery Group Inc.*, No. 3:12-CV-65 (CAR), Doc. 76 (Sep. 7, 2012) (denying first motion to set aside judgment); *id.* at Doc. 79 (Oct. 15, 2012) (denying second motion to set aside judgment filed on September 10, 2012, and warning of possible future sanctions); *id.* at Doc. 80 (Oct. 18, 2012) (third motion to set aside).
[6] *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2008).
[7] *Giles III*, 2012 WL 385152, at *3 ("In light of Plaintiff's persistently litigious behavior, the Court concludes that *res judicata* is too minimal of a protection against repetitive litigation. Accordingly, Plaintiff, and any parties acting in concert with him or at his behest, are therefore **PERMANENTLY ENJOINED** from filing any further complaints [arising from these facts] … without prior permission of this Court."); *id.* at Doc. 38 at 5 (Mar. 26, 20120) ("[T]he Court imposes a sanction of **$700.00** against Plaintiff and awards said amount to Defendant to not only deter Plaintiff from filing such a frivolous lawsuit in violation of Rule 11, but also to help defray part of Defendant's costs and fees…"); *id.* at Doc. 40 at 4 (Mar. 30, 2012) ("Plaintiff is **HEREBY BARRED from filing any more motions until Plaintiff first POSTS a $100.00**

aware of Plaintiff's *modus operandi* and has clearly warned Plaintiff of the Court's intolerance of such abusive practices, the Court will not hesitate to correct his persistently litigious misconduct.

## Conclusion

For the foregoing reasons, and in accordance with the Court's prior Order [Doc. 54], Plaintiff's Second Motion to Set Aside the Judgment and Prior Order [Doc. 55] is hereby **DENIED**.

**SO ORDERED**, this 23rd day of October, 2012.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

BBP/lmh

---

**BOND** from which the Court will deduct monetary contempt sanctions of $100 for future frivolous filings.").